UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID ALLEN BARTEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-14-CA-130-XR |
| | ) |
| CAPTAIN LOUANN ARMBRUSTER, | ) |
| SERGEANT DEREK CURTIS, & | ) |
| SHERIFF BILL BLACKBURN, | ) |
| | ) |
| Defendants. | ) |

## DISMISSAL ORDER

Before the Court is Plaintiff David Allen Bartel's 42 U.S.C. § 1983 Civil Rights Complaint.

### Background

Plaintiff filed his Complaint on February 11, 2004, utilizing the form complaint. Therein, he alleges that he has hypoglycemia and that, while confined at the Llano County Jail on January 19, Defendant Sergeant Curtis responded to his emergency intercom call for a blood sugar check at 0230 "as I awoke light headed and shaky feeling." Plaintiff further alleges,

> My blood sugar was 65 which is dangerously low. Dr. Forest had previously ordered that a snack be given for any blood sugar reading below 80. Sgt. Curtis then returned me to my eight man cell where I awaited my snack. Approximately 20 minutes later, Sgt. Curtis was doing his rounds and I reminded him about my snack. Sgt. Curtis then told me "he was busy and did not have time for making snacks," and "breakfast is soon." This was approximately 0250 and breakfast is at 0500. At 0330, Sgt. Curtis came and got me from my cell and took me to booking where I was given 1 slice of bread with 1 tlbpsn [*sic*] of peanut butter. I'm made to sign a log for my blood sugar levels as well as when I receive my snacks. By the time I was given the snack (0330), I could feel my blood sugar had dropped Conciderably [*sic*]. My vision had blured [*sic*] and my head had begun to pound. I am very new to this disease and it is very complicated and scary under normal conditions and even more so when the above negligence and abuse takes place.

Plaintiff further alleges that the County "needs a 24/7 medical staff at the Jail," that "a medical request to see a Dr. for a sick call will often be open and address[ed] by Captain Armbruster," and

"Llano County Jail is the only facility that I've been in that does not have a locked medical request box that the Dr. and only the Dr. has access."  Plaintiff asserts that Captain Armbruster allowed medical negligence and breach of doctor/patient confidentiality, and that Sergeant Curtis "knowingly withheld medical snack (per Dr. Forest orders) for hypoglycemia.  Plaintiff fails to specify the basis for his claims against Sheriff Blackburn.  Plaintiff seeks $500,000 per defendant "for psychological, emotional and physical pain and suffering."

The form utilized by Plaintiff instructs the filer that, in order for the complaint to be filed, it must be accompanied by the filing fee or, if the filer lacks the necessary funds, by a request to proceed *in forma pauperis*.  The form states, "In this event you must complete the application to proceed *in forma pauperis (IFP)* setting forth information to establish your inability to prepay the fees and costs or give security therefor.  You must also include a current six (6) month history of your Inmate Trust Account.  You can acquire the application to proceed IFP and appropriate Inmate Account Certification from the law library at your prison unit."  The form further states, "If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account."

Plaintiff filed the form Complaint and a statement showing a current balance of $26.68 on his inmate trust account on February 2, 2014.  Plaintiff did not submit an Application to Proceed IFP or a Certificate of Inmate Trust Account with a six-month history.

On February 19, the Magistrate Judge issued a Show Cause Order.  Therein, she noted that Plaintiff had not submitted the filing fee and his IFP application is incomplete because it is not accompanied by an institutional trust fund account statement.  The Show Cause Order states, "Plaintiff shall within twenty-one (21) days either pay the filing fee or file an IFP application accompanied by a current institutional trust fund account statement showing deposits and balances to Plaintiff's institutional account for the previous six months."  The Magistrate Judge directed the Clerk to mail a copy of the standard IFP application form with the Order.

The Show Cause Order further concluded that Plaintiff's § 1983 Complaint was frivolous, failed to state a claim, and was subject to dismissal.  The Order therefore stated, "[W]ithin twenty-one (21) days Plaintiff shall show cause why his Complaint should not be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I)-(iii) and 1915A(b)(1)-(2) as frivolous, for failure to state a claim, and

because Defendants are entitled to qualified immunity, by filing an amended complaint (of no more than twenty pages) curing these deficiencies."

The docket indicates that the Show Cause Order was mailed to Plaintiff at the Burnet County Jail, 900 County Lane, Burnet, Texas pursuant to a Notice of Change of Address received February 19. On February 24, this Court received another Notice of Change of Address, in which Plaintiff stated that he was previously given the physical address instead of the mailing address, and provided the following mailing address: Burnet County Jail, P.O. Box. 1098, Burnet, Texas 78611. The docket indicates that another copy of the Show Cause Order was mailed to Plaintiff at this address on March 14. This copy of the Order was returned marked "Inmate not at this facility." Because the Order mailed on February 19 was not returned, the Court presumes that it was received. In any event, Plaintiff has failed to provide the Court with a current address to which another copy of the Order could be mailed.

## Analysis

The Court directed Plaintiff to either pay the filing fee or submit an IFP application accompanied by the institutional trust fund account statement. Bartel has not complied with the Court's order, and therefore his Complaint is dismissed without prejudice for failure to prosecute or comply with this Court's Order pursuant to Federal Rule of Civil Procedure 41(b).

The Court also directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim and as frivolous. Title 28 U.S.C. §§ 1915(e)(2)(B)(I)-(iii) and 1915A(b)(1)-(2) require this Court to screen an IFP or prisoner's complaint, and dismiss the complaint if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. To state a claim pursuant to Rule 12(b)(6), Plaintiff's allegations must present enough facts to state a claim to relief that is plausible on its face; *i.e.*, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. v. Twombly*, 550 U.S. 554, 555-56 (2007).

As an initial matter, Plaintiff fails to allege how Captain Armbruster or Sheriff Blackburn were personally involved in the alleged violations or were deliberately indifferent to serious medical needs. A prison official can be found liable for the denial of adequate medical care if he is aware of and disregards a substantial risk of serious harm to the convicted prisoner, *Farmer v. Brennan*,

511 U.S. 825, 834, 837 (1994), or pretrial detainee, *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639, 650 (5th Cir. 1996) (en banc). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 292 (5th Cir. 2011). This is "an extremely high standard to meet." *Id.*

Plaintiff does not allege that Captain Armbruster was aware of or personally involved in the events at they time they transpired. Plaintiff attaches an Inmate Grievance form to his Complaint, on which Captain Armbruster wrote, "Records indicate that Mr. Bartel was given a snack for his low blood sugar, and signed the chart at approximately 0330 hours." Plaintiff fails to establish that Captain Armbruster was deliberately indifferent to Plaintiff's serious medical needs. Further, Plaintiff's allegation that Captain Armbruster may see or address a medical request fails to state a constitutional injury, nor does Plaintiff allege that he personally has suffered an injury in this regard. Plaintiff fails to state a claim against Captain Armbruster.

With regard to Sheriff Blackburn, Plaintiff does not specify his claims. The Court liberally construes the *pro se* Complaint and concludes that Plaintiff is asserting that Blackburn is deliberately indifferent by maintaining a policy that does not require 24/7 medical staff. However, Plaintiff has not established that he has suffered any constitutional injury as a result of the lack of such staff. Accordingly, Plaintiff fails to state a claim against Sheriff Blackburn.

With regard to Sergeant Curtis, Plaintiff alleges a delay in medical treatment. "A delay in medical treatment is not actionable unless the defendants were deliberately indifferent to a serious medical need and their indifference resulted in substantial harm." *Uzomba v. Univ. Health Sys., B.C.A.D.C.*, ___ F. App'x ___, 2014 WL 1015713 (5th Cir. March 18, 2014) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). In *Uzomba*, the Fifth Circuit considered the Plaintiff's claim of delayed treatment for hypoglycemia, and held that Plaintiff had "not demonstrated that any delay resulted in substantial harm" and that Plaintiff "asserted only general conclusory damages that could result from the delay in medical care, and he made no allegations of pain." *Id.*

Plaintiff alleges that during the delay, his vision blurred and his head began to pound. The Fifth Circuit has indicated that harm is not substantial if it fails to cause any lasting complications. *McGiffin v. Clayton*, No. 08-40213, 2009 WL 577721 (5th Cir. March 6, 2009). Plaintiff does not

allege that the delay in receiving his snack resulted in any lasting complications, and thus fails to establish substantial harm. Even assuming that the blurred vision and pounding head rises to the level of "substantial harm," however, Plaintiff fails to establish that Curtis was deliberately indifferent to a serious medical need. Plaintiff must demonstrate that Sergeant Curtis subjectively knew that Plaintiff was at serious risk of harm if Plaintiff did not receive the food quickly, or that the delay in question actually presented such a serious risk of harm. *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003). Plaintiff fails to allege a one-hour delay in receiving his snack presented a serious risk of harm or, if it did, that Sergeant Curtis was aware of such a serious risk of harm to Plaintiff. Further, although Plaintiff alleges that, during the delay, his vision blurred and his head began to pound, he does not allege that Sergeant Curtis was aware that Plaintiff had developed these symptoms and deliberately ignored any pain that Plaintiff felt. At most, Plaintiff establishes that Curtis was negligent, but negligent conduct will not support a claim of constitutional injury. Accordingly, Plaintiff fails to establish sufficient facts to establish that Sergeant Curtis was deliberately indifferent or to negate his qualified immunity.

## Conclusion

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court Order. In the alternative, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim. Although such a dismissal would ordinarily be with prejudice, because it is not clear that Plaintiff received the Court's Show Cause Order, the Court will dismiss the case without prejudice.

It is so ORDERED.

SIGNED this 1st day of April, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE